***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award with minor modifications.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the deputy commissioner hearing as:
 STIPULATIONS
1. The parties entered into a Pretrial Agreement on February 8, 2002, which was incorporated into the record.
2. The parties submitted the entire evidentiary record in I.C. No. 017637, which shall constitute the official evidentiary record in this proceeding.
3. The date of plaintiff's alleged injury by accident is August 17, 1999.
4. At the time of plaintiff's alleged injury, the parties were bound by and subject to the provisions of the North Carolina Workers' Compensation Act. The employer was a duly qualified self-insurer under the provisions of the Act, and Gallagher Bassett Services, Inc. was the servicing agent.
5. Plaintiff's average weekly wage at the time of his alleged injury was $503.37, which yields a compensation rate of $335.60.
6. As set forth in the Pretrial Agreement, the issues for determination are:
 (a) Whether plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with the employer on August 17, 1999?
 (b) If so, what benefits is plaintiff entitled to recover from defendants?
 ***********
Based on the competent evidence of record, the Full Commission enters the following
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing on this claim, plaintiff was 33 years of age. He completed the tenth grade in school and subsequently obtained his GED.
2. Plaintiff began employment with defendant employer on August 5, 1996, as a team member, which required him to perform a variety of tasks. The employer manufactures tire cord. On August 17, 1999, plaintiff was employed as a direct cable operator.
3. Plaintiff filed a claim in I.C. No. 017637, for an alleged injury by accident on April 25, 1999, involving his neck. In an Opinion and Award filed on June 12, 2002, the Full Commission denied plaintiff's claim for an injury by accident alleged to have occurred on April 25, 1999. The Full Commission Opinion and Award in I.C. No. 017637 is fully incorporated herein.
4. In July 1999, plaintiff had spinal surgery on his neck by Dr. Henegar. Plaintiff was released to return to work on August 5, 1999. Dr. Henegar took plaintiff out of work on August 19, 1999, for three weeks, then, on September 9, 1999, scheduled a second surgery to address the medial portion of the disk which he could not address in the first, posterior surgery.
5. Plaintiff did not report an alleged injury to his employer on or about August 17, 1999. Defendant did not learn about plaintiff's alleged work-related injury until after he filed a Form 18 on January 12, 2001.
6. Having failed to prove an injury by accident on April 25, 1999, plaintiff now alleges that, on or about August 17, 1999, when he returned to work following surgery, he sustained an injury by accident which materially aggravated his preexisting non-work-related injury (i.e., that he aggravated the neck problem which was the subject of the April 25, 1991, claim).
7. As was the case with his April 25, 1991, claim, plaintiff did not give Dr. Henegar a history of a specific incident at work or a specific injury on or about August 17, 1999. Rather, plaintiff told Dr. Henegar that his neck pain recurred upon his return to work. Although Dr. Henegar testified that plaintiff's work activities aggravated his postoperative symptoms (the symptoms resulting from the alleged April 25 injury), that testimony fails to prove by the greater weight either that plaintiff sustained an injury as a result of a specific traumatic incident on or about August 17, 1999, or that any subsequent surgery was necessitated by an incident or injury on or about August 17, 1999. Rather, the Commission finds that plaintiff's symptoms gradually worsened following his first surgery and return to work. Subsequent surgeries were performed to address portions of plaintiff's bulging disc which could not be addressed in the initial, posterior surgery. Furthermore, on accident and sickness forms submitted to Dr. Henegar, plaintiff continued to deny that his neck problems were work-related, consistent with the forms submitted when plaintiff originally presented to Dr. Henegar.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with the employer on August 17, 1999. N.C.G.S. § 97-2(6).
2. Plaintiff is not entitled to benefits under the Act.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is DENIED.
The parties shall pay their respective costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER